IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Maurice Johnson, #2008003090, | C/A No.: 3:15-2708-MBS-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| The State of South Carolina; Lt. Cato; Lt. Anthony; Corporal Butler; Judge William Corbett;[1] Officer Delong and Officer Durant, | |
| Defendants. | |

Robert Maurice Johnson ("Plaintiff"), proceeding pro se and in forma pauperis, is an inmate incarcerated at Kershaw County Detention Center ("KCDC"). He filed this action, which is construed as brought pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. He sues Kershaw County Magistrate Judge William Corbett ("Corbett"), and KCDC officers Lt. Cato ("Cato"), Lt. Anthony ("Anthony"), Corporal Butler ("Butler"), Officer Delong ("Delong"), and Officer Durant ("Durant") (collectively "Defendants") and the State of South Carolina.[2]

---

[1] Plaintiff identified the defendant as "Corbet," but the defendant states he is correctly identified as "Corbett." [ECF No. 32-3].

[2] On September 25, 2015, the court issued an order directing the complaint be served on defendants. [ECF No. 18]. On October 31, 2015, the summons for the State of South Carolina was returned to the court unexecuted with the notation "need more information (name)." [ECF No. 25]. As of the date of this filing, Plaintiff has not provided any additional information or new service documents for this defendant. Regardless, as discussed in greater detail herein, South Carolina is immune from suit pursuant to the Eleventh Amendment, and the undersigned recommends it be dismissed.

This matter is before the court on Defendants' motion for summary judgment. [ECF No. 32]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [ECF No. 33]. This matter having been fully briefed [ECF Nos. 36, 39], it is ripe for disposition. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.). Because this motion is dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends Defendants' motion for summary judgment [ECF No. 32] be granted as to Plaintiff's federal claims and that Plaintiff's state law claims be dismissed pursuant to 28 U.S.C. § 1367(a).

I.     Factual Background

Plaintiff alleges he appeared before Corbett in Kershaw County Magistrate Court on October 22, 2014. [ECF No. 1 at 3]. Plaintiff claims that when Corbett directed him to sit in the witness stand, he refused. *Id.* Corbett sentenced him to 60 days' imprisonment for contempt of court, to which Plaintiff responded "you could have done at least nin[e]ty days." *Id.* Corbett ordered Delong to escort Plaintiff from the courtroom. *Id.* Plaintiff alleges he and Delong were waiting outside the courtroom when Corbett came "barreling" out the courtroom, grabbed Plaintiff by the arm, pushed him against the wall and said "You little piece of shit." *Id.* Plaintiff said he screamed "assault." *Id.* Plaintiff claims afterwards he and Delong wrote statements and Plaintiff filed a complaint with the South Carolina Law Enforcement Division. [ECF Nos. 1 at 3; 1-2 at 1].

Plaintiff alleges that four months later, in February 2015, Cato, Anthony, Butler, and Durant entered his cell dressed in riot gear and forcefully took his written statements and all his other legal documents ("February 2015 incident"). [ECF Nos. 1 at 3; 1-2 at 1]. Plaintiff claims they were acting pursuant to Corbett's order. *Id*. Plaintiff states that his documents were lost and have not been returned. [ECF No. 1 at 3]. Plaintiff seeks monetary damages. [ECF No. 1-4].

II. Discussion

    A.    Standard on Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-

3

moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    B.    Analysis

        1.    Claims based on February 2015 incident

Defendants contend they are entitled to summary judgment on Plaintiff's claims related to the February 2015 incident because Plaintiff failed exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (codified as amended at 42 U.S.C. § 1997e(a) (1996)). [ECF No. 32-1 at 5]. The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some

4

other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A plaintiff must avail himself of every level of available administrative review, *see Booth v. Churner*, 532 U.S. 731 (2001), and "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Defendants have the burden of establishing that a plaintiff failed to exhaust his administrative remedies. *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005).

Defendants submitted the affidavit of KCDC Administrator Peggy E. Spivey ("Spivey"). [ECF No. 32-2]. Spivey states KCDC has an established grievance procedure that is provided to all detainees. *Id.* at 2. Spivey states that pursuant to the KCDC policy, a detainee must file a grievance within 48 hours of the alleged incident, and upon receiving a response, a detainee has 48 hours to file an appeal. *Id.* Spivey attaches Plaintiff's KCDC file and states Plaintiff did not timely file any grievances related to the allegations in his complaint. *Id.* at 3–50. In response, Plaintiff alleges he wrote grievances that were thrown away. [ECF No. 36 at 3].

The undersigned has reviewed Plaintiff's inmate file and the file contains one grievance form dated January 16, 2015, which addressed an officer's failure to give Plaintiff a request form. [ECF No. 32-2 at 41]. Although Plaintiff claims he wrote several grievance forms that were thrown away, Plaintiff fails to provide any information concerning the subject matter of those alleged grievances or the date those grievances were allegedly filed. Accordingly, Plaintiff has failed to provide sufficient evidence to avoid summary judgment on his claims related to the February 2015 incident. *Poe v. Bryant*, C/A No. 9:12-3142-RMG, 2013 WL 6158023, at *2 (D.S.C. Nov. 21, 2013)

5

(citing *Malik v. Sligh*, No. 5:11-1064-RBH, 2012 WL 3834850, at *5 (D.S.C. Sept. 4, 2012), aff'd, 507 F. App'x 294 (4th Cir. 2013) (finding that a self-serving contention from the plaintiff was "simply not enough to create a genuine dispute as to any material fact" in light of the other evidence); *see also Pearson v. Stevenson*, C/A No. 9:14-454-RBH, 2015 WL 733814, *2 (D.S.C. Feb. 20, 2015) (finding that "Plaintiff may not escape summary judgment by simply asserting that 'yes I did' exhaust administrative remedies"). The undersigned recommends Defendants' motion for summary judgment be granted on Plaintiff's claims related to the February 2015 incident and that Cato, Anthony, Butler, and Durant be dismissed. *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (finding that "prisoners must exhaust 'such administrative remedies as are available' prior to filing suit in federal court challenging prisoner conditions") (quoting 42 U.S.C. § 1997e(a)).

2.    Eleventh Amendment Immunity

The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Hans v. Louisiana*, 134 U.S. 1 (1890). While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions apply in the instant case.[3] Both because the State of South

---

[3] Congress has not abrogated the states' sovereign immunity under § 1983, *see Quern v. Jordan*, 440 U.S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court.  S.C. Code Ann. § 15-78-20(e).

Carolina was not properly served and because it is immune from suit under § 1983, Plaintiff's claims against this defendant should be dismissed.

### 3. Assault

Plaintiff also asserts a state law claim for assault against Corbett and an unspecified claim against Delong. [ECF No. 1 at 2]. Because Plaintiff's claims against Corbett and Delong do not form part of the same case or controversy as Plaintiff's federal claims related to the February 2015 incident, this court cannot exercise supplemental jurisdiction over such claims pursuant to 28 U.S.C. § 1367(a), and the undersigned recommends they be dismissed. In the event that the district judge finds that Plaintiff's claims against Corbett and Delong are part of the same case or controversy as the federal claims, the undersigned recommends that the court decline to exercise supplemental jurisdiction over any claim for relief asserted pursuant to state law. *See* 28 U.S.C. § 1367(c)(3).

## III.  Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that Defendants' motion for summary judgment [ECF No. 32] be granted as to Plaintiff's claims against Cato, Anthony, Butler, and Durant. The undersigned also recommends that the State of South Carolina be dismissed from this action. The undersigned further recommends that Plaintiff's state law claims against Corbett and Delong be dismissed pursuant to 28 U.S.C. § 1367.

IT IS SO RECOMMENDED.

July 28, 2016
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).