IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Maurice Johnson, #2008003090, ) | |
| ) | C/A No. 3:15-2708-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| The State of South Carolina; Lt. Cato; ) | **ORDER AND OPINION** |
| Lt. Anthony; Corporal Butler; Judge ) | |
| William Corbett; Officer Delong; and ) | |
| Officer Durant, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

At the time of the underlying events, Plaintiff Robert Maurice Johnson was a pretrial detainee being held at the Kershaw County Detention Center in Camden, South Carolina. On July 9, 2015, Plaintiff, proceeding pro se, filed a complaint seeking money damages under 42 U.S.C. § 1983. Plaintiff alleges that on October 22, 2014, he appeared before Kershaw County Magistrate Judge William D. Corbett, where he became disruptive and was removed from the courtroom. Plaintiff contends that he was assaulted by Defendant Corbett outside the courtroom in view of Defendant Delong. Plaintiff further alleges that in February 2015, Defendants Cato, Anthony, Butler, and Durant "stole [his] writen statements by force under Judge Corbets orders suposedly." ECF No. 1-2.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling. On January 25, 2016, Defendants jointly filed a motion for summary judgment. On January 26, 2016, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Plaintiff filed a response in opposition on February 3, 2016, to which Defendants filed a reply on February 10, 2016.

The Magistrate Judge issued a Report and Recommendation on July 28, 2016, in which she determined that Defendants Cato, Anthony, Butler, and Durant are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, codified at 42 U.S.C. § 1997e(a).  See Porter v. Nussle, 534 U.S. 516 (2002).  The Magistrate Judge further observed that Defendant State of South Carolina is immune from suit under the Eleventh Amendment.  In addition, the Magistrate Judge recommended that the court not exercise jurisdiction over any state law claims asserted by Plaintiff with respect to Defendants Corbett and Delong.  Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976).  This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.  Id.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record.  The court concurs in the Report and Recommendation and incorporates it herein by reference.  Defendants' motion for summary judgment (ECF No. 32) is **granted**.  The court declines to exercise jurisdiction over any state law

claims raised by Plaintiff.  See 28 U.S.C. § 1367(c)(3).

       **IT IS SO ORDERED**.

                                            /s/ Margaret B. Seymour
                                            Senior United States District Judge

Columbia, South Carolina

August 30, 2016

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order
pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**